IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JUSTIN MICHAEL DAVENPORT,** #S07433,           **Plaintiff,** v. **IDOC, WEXFORD, JOHN/JANE DOE 1,** *nurse sick call staff,* **JOHN/JANE DOE 2,** *health care staff,* and **NURSE SUSAN,**           **Defendants.** | Case No. 25-cv-01645-MAB |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Justin Davenport, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

Page 1 of 8

## THE COMPLAINT

Plaintiff alleges the while he has been at Pinckneyville Correctional Center, he has not received adequate medical care. (Doc. 1, p. 5). He has been denied seizure medication, and his requests for medical appointments to be treated for seizures have not been answered. (*Id.*). On December 24, 2024, Plaintiff wrote a grievance complaining that Nurse Susan had refused to give him seizure medication. (*Id.*). He then wrote a second grievance on February 22, 2025, reporting that other members of nursing staff had refused to dispense his seizure medication. (*Id.*). Plaintiff was told by nurses that "they don't have it or can't find [Plaintiff's] chart." (*Id.*). He submitted a third grievance on March 12, 2025, again complaining that nursing staff continued to deny him seizure medication. (*Id.*).

On April 14, 2025, Plaintiff had a seizure in the middle of the night. (Doc. 1, p. 5-6). He was alone, and his cell did not have an emergency button so that he could seek help. (*Id.* at p. 6). When the morning nurse came by his cell for "med line," Plaintiff informed her about the seizure. The nurse told him to "fill out for sick call." Plaintiff submitted sick call slips on April 15, 16, 17, 18, 19, and 20, 2025, but he did not receive an answer. (*Id.*).

Plaintiff continued to have seizures but did not receive adequate medical care. (Doc. 1, p. 6). The only time he was seen by medical staff was on May 19, 2025. (*Id.*). On that day, Plaintiff saw a physician assistant at the "asthma clinic." (*Id.*). Plaintiff told the physician assistant about his seizures, and she increased his Kepera medication. In June and July 2025, Plaintiff was told that "health care is not answering any sick call request[s] at this time." (*Id.*).

**PRELIMINARY DISMISSALS**

The Court dismisses any claims Plaintiff is asserting against IDOC. IDOC is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). Accordingly, IDOC will be dismissed as a defendant.

The Court also dismisses any claims Plaintiff is intending to bring against Wexford. As a corporation, Wexford can only be liable for a policy or practice that caused the alleged violation of a constitutional right. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Plaintiff has made no such claim. In fact, Wexford is not even mentioned in his statement of claim, and merely naming Wexford as a defendant in the case caption is not sufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Wexford is dismissed as a defendant without prejudice.

And finally, the Court dismisses any claims against John/Jane Doe 1 described as nurse sick call staff and John/Jane Doe 2 described as health care staff. (Doc. 1, p. 2). While Plaintiff may use the "John Doe" or "Jane Doe" designation to refer to specific individuals whose names are unknown, he must still follow Federal Rule of Civil Procedure 8 pleading standards and include a short, plain statement of the case against each individual. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts and thus failed to adequately plead personal involvement). Plaintiff refers to

unnamed individuals in the Complaint, but he does not clearly identify which individuals he is intending to sue and for which particular acts or omissions. Thus, John/Jane Doe 1 and John/Jane Doe 2 and any claims against them are dismissed.

### DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Nurse Susan for refusing Plaintiff his seizure medication.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). This indifference includes "intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Id.* at 829. To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez,* 914 F.

---

[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

3d 1040, 1049 (7th Cir. 2019).

Plaintiff alleges that in December 2024, Nurse Susan refused to give him his seizure medication. This allegation, although brief, is sufficient for the Court to plausibly infer that Nurse Susan acted with deliberate indifference to a serious medical need. Count 1 will therefore proceed against Nurse Susan.

## PENDING MOTION

Plaintiff has filed a motion stating that he does not have sufficient funds to pay the initial partial filing fee of $252.56, and he asks that he still be allowed to proceed with this case. (Doc. 9). The motion is **GRANTED**. Plaintiff has provided a copy of his trust fund statement showing that as of filing the motion on August 29, 2025, he only has $41.96 in his trust fund account. Based on this information, the Court finds that Plaintiff is unable to pay the initial partial filing fee at this time. However, Plaintiff incurred the obligation to pay a filing fee for this action when he filed his Complaint, and that obligation remains. Therefore, payments shall be made in accordance with the order granting IFP. (*See* Doc. 5). Specifically, the agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the $350.00 filing fee is paid. (*Id.*). The Clerk's Office is **DIRECTED** to send a copy of this Order to the Trust Fund Officer at Pinckneyville Correctional Center.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against Nurse Susan. Because there are no surviving claims against IDOC, Wexford, John/Jane Doe 1, and John/Jane

Doe 2, the Clerk of Court is **DIRECTED** to terminate them as defendants on the docket.

The Clerk of Court shall prepare for **Nurse Susan**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit addresses medical claims, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the defendant only needs to**

**respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in this action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 4, 2025**

*/s/ Mark A. Beatty*
**MARK A BEATTY**
**United States Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.